USCA1 Opinion

 

 February 23, 1996 [NOT FOR PUBLICATION] [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 95-1884 JOSE L. APONTE-FIGUEROA, ET AL., Plaintiffs, Appellants, v. BULK TERMINAL OPERATORS, INC., Defendant, Appellee. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Justo Arenas, U.S. Magistrate Judge] _____________________ _________________________ Before Selya, Boudin and Lynch, Circuit Judges. ______________ _________________________ Luis F. Padilla for appellants. _______________ Ruperto J. Robles for appellee. _________________ _________________________ _________________________ Per Curiam. The law of contract formation being Per Curiam. ___________ settled, the only question presented on this appeal is whether the decision of the magistrate judge, entered after a full trial over which he presided, see 28 U.S.C. 636(c), is clearly erroneous in one or more respects. See Fed. R. Civ. P. 52(a). ___ The clear error hurdle is high: an appellate court "ought not to upset findings of fact or conclusions drawn therefrom unless, on the whole record, we form a strong, unyielding belief that a mistake has been made." Cumpiano v. Banco Santander P.R., 902 ________ _____________________ F.2d 148, 152 (1st Cir. 1990); accord In re Tully, 818 F.2d 106, ______ ___________ 109 (1st Cir. 1987). Here, the hurdle is insurmountable. We have examined the record in this case, read the parties' briefs, and entertained oral argument. As a result of that careful review, we conclude, without serious question, that no clear error infects the magistrate's findings of fact. After all, "when there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." Johnson v. _______ Watts Regulator Co., 63 F.3d 1129, 1138 (1st Cir. 1995). _____________________ Consequently, we need go no further. We affirm the judgment below for substantially the reasons set forth in the magistrate judge's well-considered opinion. See Aponte-Figueroa v. Bulk ___ _______________ ____ Terminal Operators, Inc., No. 93-2488 (DRD) (JA), slip op. __________________________ (D.P.R. July 5, 1995). Affirmed. Affirmed. ________ 2